U3, 115-04

No.1993-CR-1511E-W4

Ex Parte
Ersan Yurtman,                          §
Applicant

In the 186th
Judicial District Court
Of Bexar County, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 15 2015

Abel Acosta, Clerk

§

§

§

MOTION DISMISSED
DATE: 4-21-15
BY: _____

Applicant's Motion For En Banc Consideration
Traverse of the Trial Court's Order
Invocation of "Law of the Case" Doctrine
Motion For Judicial Notice of Court Records
Alternatively, Motion to withdraw Application

Applicant, Ersan Yurtman, is an eighth grade educated convicted felon who has been incarcerated for twenty-two years for a jury's finding of guilt at trial of Four-joint trial defendant's charged with the sexual assault of a child on or about Febuarary 15,1994. The jury acquitted two defendant's and convicted two, Ersan Yurtman, and Rogelio Gutierrez received a thirty year sentence.

After a Motion for New Trial was denied on may 31.1994, The Fourth Court of Appeals affirmed Yurtman's conviction(04-94-00206-CR) on June 28th, 1996.

The Trial Court entered an Order for this application on March 13,2015, wherein the court states the district Attorney received a copy of this application on February 26,2015. No response was served on applicant, so a general denial is atuttorily assumed.

### TRAVERSE

Applicant would move the Court to the pleadings submitted by applicant with leniency and liberally. Applicant has not made the required showing that the claims raised could not have been raised previously. See; TCCP, Art.11.04, §4 (a)(2).

Applicant would show the Court that the pending application is based on Newly Discovered Evidence which was not, and could not have been, presented to the Court because the State Attorney of Texas suppressed the evidence of the complainant's hospitalization of mental diagnosis to falsely potray the complainant's credebility.

I.

## Invoction of "Law of The Case"Doctrine

Applicant,as stated,was tried to a petite jury with four co-defendants.He and Gutierrez ware convicted and sentenced to prison.On or about April 14,2014,the Court of Criminal Appeals granted Gutierrez relief from his conviction for Cause NO.WR-76-513-05,because he established a serious Brady violation committed by the District Attorney in suppressing the complainant's psycological hospitalization and subsequent diagnosis of "Border line personality disorder"and symptomatic compulsive lying."

Applicant now asserts that the Court granted Gutierrez relief from his conviction that occurred with the same testimony,from the same complainant,for the same offense in a joint-trial, specifically for the Brady Violation the applicant is now presenting before this Court.

Applicant would show that a standard companion case is legally capable of being designated the same parties;where the State is prosecuting multiple defendants who are accused of committing the same offense,at the same time,assisting each other.

## Motion for Judicial Notice
of court records

Applicant now moves the Court,pursuant to Tex,R,of Evidence, Article II,Rule 201(a),(b),(C),((d),(e),(f).(West 2014)-Judicial Notice of Adjudicated Facts:to take Judicial Notice of the Court's Record in Cause NO.Ex parte Rogelio Gutierrez, WR-76,513-05.

As stated,Rogelio Gutierrez is the applicant's co-defendant in trial court cause NO.1993-CR1511E.The Court's record will show that newly available evidence was introduced in the trial

II.

court for Gutierrez's fifth application for writ of Habeas Corpus:which resulted in the reversal of his conviction.

As applicant states in his attached affidavit,he learned of the relief given to Gutierrez in July of 2014:through correspondence received from Gutierrez.At the time applicant started trying to every avenue possible to acquire the record and evidence entered with his application for writ of Habeas Corpus.Applicant has not been successful in obtaining a copy of the record now in the State Law Library.While he continues to make every effort he can to acqire these documents,the out come is not assured. Therefor,he has attempted to present the claims for Brady Violations as best he can.

Applicant believes he has met and exceeded the preponderance standard for showing is actual innocence in a subsequent writ application,but for Brady Violation no rational jurorcould have found the applicant guilty beyond a reasonable doubt.See;Exparte Knipp,236S.W.3d 214(Tex.Cr.App. 2007).

Should the Court deny applicant's motion to take Judicial Notice for the Court's records,applicant will not have met his burden to show a Constitutional Violation that likely caused the conviction of an innocent man.Therefor,he would have to move the court to allow him to withdraw his application until such time and he can provide the evidence necessary to meet the required standard.

Wherefor,Applicant prays that the Honorable Court will hear and determine the merits of the aforegoing and DRANT relief with

III.

Judicial Notice of the Court'sRecord,and Remand the cause to the trial court for factual determination of whether applicant has met the threshold of invoking the "Law Of The Case"doctrine,and thereby has established, by a preponderance of the evidence, his entitlement to an evidentiery hearing on the merits of his claim,with the appointment of counsel.

Respectfully Submitted,

Ersan Yurtman#682652
ProSe

899 FM 632
Kenedy,Tx.78119

Connally Unit

Dated April 12,2015

_____
Signature

IV.

## Affidavit

I Ersan Yurtman,being of sound and competant mind do declare
this is true and correct to the best of my knowledge.
On July,2014,I was contacted by Rogelioo Gutierrez(co-defendant)
that he was back in the county.Apperantly,his case was being
represented by the innocence project and they had found evidence
that the complainant,Corina Martinez,was in a mental hospital and
that she had been diagnosed with sometype of mental disorder.So,
I told my mother to go to the Bexar County Clerk's Office and try
to obtain any record she could on Rogelio's case but the Clerk
said that the record is not available to my mother except certain
paners so I told my mother to print those out.

She printed out on 10-07-2014 an"event Log Display"from the
Bexar County Criminal Justice Information System.
On that display my mother printed out the Order Designating
Issues,from the 186th Judicial District Court of Bexar County,
Texas regarding Cause Number 1993-CR-4909-W1.

This Order from Judge Maria Theresa Herr was the document that
brought to my attention that the allegations that Rogelio Gutierrez
Gutierrez was making were true and that he was'nt lying on his
letter.

## Penalty of Perjury

I Ersan Yurtman,under the penalty of perjury declare that
this document is true and correct,and that I am presently in-
carcerated at the Connally Unit in the Texas Department of
Criminal Justice.
Executed on April 12th,2015.
Respectfully Submitted,

Ersan Yurtman

V.